Friday, 15 August, 2014  09:48:06 AM
 Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JONATHAN EDWARD RAKESTRAW,
    Plaintiff,

vs.                             14-1276

JEFF STANDARD, et.al.,
    Defendants.

MERIT REVIEW OPINION

      This cause is before the court for merit review of the Plaintiff's complaint. The court is required by §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).

      The Plaintiff alleges Sheriff Jeff Standard and Lieutenant Doug LaFary violated his constitutional rights at the Fulton County Jail. The Plaintiff says on February 24, 2013, he was removed from his cell, stripped of all clothing and belongings, and placed in a suicide cell for no reason. The Plaintiff says he was humiliated when his clothes were removed in front of a female correctional officer. The Plaintiff remained in the freezing cold room for four days without any clothing or bedding. Defendant LaFary then walked by the cell and asked Plaintiff if he had enough. When the Plaintiff said he had, he was finally given a jumpsuit and a mattress. The Plaintiff says he was then placed on disciplinary lockdown where he remained until July without ever receiving a disciplinary ticket.

      The Plaintiff has adequately alleged Defendant LaFary violated his Eighth Amendment rights when he placed the Plaintiff in a cold suicide cell for punishment only. In addition, the Plaintiff has alleged Defendant LaFary violated his due process rights when he placed the Plaintiff on disciplinary lockdown without a hearing. *Higgs v Carter*, 286 F.3d 437, 438 (7th 2002)("A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less."). The Plaintiff has not articulated a claim based on his allegation that he was forced to remove his clothes in front of a female guard. "Prisoners have no general right not to be seen naked by guards of the opposite sex." *Mlaska v. Talbot*, 2014 WL 3537811 (7th Cir. July 18, 2014).

      The only mention of Defendant Sheriff Standard in the complaint is Plaintiff's allegation that he "never intervened." (Comp, p. 6). The Plaintiff has not adequately alleged the Sheriff had any direct knowledge of the Plaintiff's cell placement. A defendant cannot be held liable under 42 USC §1983 unless a Plaintiff can demonstrate that the defendant caused or participated in the

alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode*, 423 U.S. 362, 271 (1976). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, the court will dismiss Defendant Sheriff Jeff Standard.

IT IS THEREFORE ORDERED that:

>1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendant Doug LaFary: a) violated his Eighth Amendment rights when he placed him in a cold suicide cell for punishment; and b) violated his due process rights when he placed him on disciplinary lockdown without a hearing. The claims are stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.
>
>2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.
>
>3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.
>
>4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.
>
>5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.(TAKE OUT IF MEDICAL CONDITION OR INJURIES NOT AT ISSUE)

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Jeff Standard; 2) Attempt service on Defendant LaFary pursuant to the standard procedures, and 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 15th day of August, 2013.


                                                 s/ James E. Shadid
_____
                                         JAMES E. SHADID
                                  UNITED STATES DISTRICT JUDGE